Kenneth MATTIX, Petitioner—
Appellant,

v.

Mitch MORROW, Respondent—
Appellee.

No. 02–36045.

D.C. No. CV–98–01176–CO.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2003.*

Decided Nov. 13, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Christine Stebbins Dahl, Esq., FPDOR–Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Timothy A. Sylwester, Esq.,DOJ–Oregon Department of Justice, Salem, OR, for Respondent–Appellee.

Before ALARCÓN, RAWLINSON, and BYBEE, Circuit Judges.

## MEMORANDUM **

Kenneth Mattix appeals from the district court's order denying his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Mattix argues that he was deprived of effective assistance of counsel at his criminal trial in Oregon state court because his trial counsel failed to conduct an adequate investigation regarding whether he was competent to stand trial and to waive his right to trial by jury. We affirm the district court's order. The parties are familiar with the facts. We repeat them here only as is necessary to our disposition.

### I

Following his conviction on rape and sexual molestation charges in Oregon state court on July 28, 1992, Mr. Mattix was transferred to Nevada to face other charges. Based on conflicting psychological reports concerning Mr. Mattix's competency to stand trial, the prosecution and defense stipulated to a finding that Mr. Mattix was incompetent to stand trial. The Nevada state court then dismissed the charges against Mr. Mattix.

Upon his return to Oregon, Mr. Mattix filed a petition for post-conviction relief in state court. The state court denied the petition. It ruled that Mr. Mattix had failed to satisfy his burden of demonstrat-ing that his trial counsel had provided him with ineffective assistance by not properly investigating his mental competency to stand trial. Mr. Mattix filed a § 2254 petition with the federal district court. It determined that the state court did not unreasonably apply federal law to Mr. Mattix's case and denied the petition.

### II

Mr. Mattix argues on appeal that the district court should have granted his petition under § 2254(d)(2) because the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented. In doing so, Mr. Mattix relies primarily on the Nevada psychiatric evaluations finding him incompetent to stand trial.

We review a district court's denial of a habeas corpus petition de novo. *Ho v. Carey,* 332 F.3d 587, 591 (9th Cir.2003); *Karis v. Calderon,* 283 F.3d 1117, 1126 (9th Cir.2002). We review findings of fact for clear error. *McNeely v. Blanas,* 336 F.3d 822, 826 (9th Cir.2003).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to this petition, since it was filed after April 24, 1996. AEDPA requires us to deny a petition for writ of habeas corpus unless the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Furthermore, under AEDPA, "a determination of a factual is-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sue made by a State court shall be presumed to be correct," and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

When analyzing a claim of ineffective assistance of counsel, the Supreme Court has stated that the petitioner must first demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner must also demonstrate that he was prejudiced by his counsel's deficient performance. The petitioner must show "that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*

In reviewing habeas petitions under § 2254(d)(2), the Supreme Court has granted substantial deference to state court decisions. The Court has explained that "a [state court] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (citations omitted); *see also Davis v. Woodford*, 333 F.3d 982, 990–91 (9th Cir. 2003) (applying the objectively unreasonable standard to a claim under § 2254(d)(2)).

Mr. Mattix was represented by Mr. Frank DeSimone at his trial. The State presented Mr. DeSimone's affidavit in opposition to the collateral attack on the judgment of conviction in the state post-conviction proceedings. Mr. DeSimone alleged that the state trial court granted his motion for extraordinary funds to retain a psychiatrist to examine his client's competency to stand trial. Dr. Hugh Gardner examined Mr. Mattix. He concluded that Mr. Mattix was competent to stand trial. Mr. DeSimone also alleged that, based on his own observations of Mr. Mattix, he concluded that his client was competent to stand trial.

Mr. Mattix submitted evaluations by Nevada psychiatrists conducted after his conviction in Oregon. Their evaluations are in conflict. Three psychiatrists concluded that he was not competent to stand trial. At least four concluded that Mr. Mattix is a skillful malingerer who feigned mental disability. The Nevada court dismissed the criminal charges against Mr. Mattix based on the stipulation of the prosecutor and defense counsel that Mr. Mattix was "currently incompetent to stand trial."

The state post-conviction court also reviewed the transcript of Mr. Mattix's coherent and responsive testimony at his trial. It noted that Mr. Mattix's "testimony at trial was logical, internally consistent and he did not display any inability to understand the proceedings or to participate in them."

Given the conflicting evidence before the state court, we are persuaded that it reasonably determined that Mr. DeSimone adequately investigated Mr. Mattix's competency before his trial, and did not violate Mr. Mattix's right to effective assistance of counsel under the 6th and 14th Amendments. The State presented evidence credited by the court in the post-conviction proceeding that Mr. Mattix was competent to stand trial. Mr. Mattix has failed to rebut the presumption that the state court's findings were correct by clear and convincing evidence. Accordingly, the state court's decision that Mr. Mattix was not ineffectively represented at his trial was not objectively unreasonable.

AFFIRMED.